IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


FERDINAND ANTIGO, ET AL.                                           PLAINTIFFS

v.                                                    Civil No. 1:11-cv-408-HSO-RHW

MICHAEL LOMBARDI, ET AL.                                          DEFENDANTS


MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO
DISMISS OF SOUTHERN MISSISSIPPI PINESTRAW, LLC

BEFORE THE COURT is the Motion [36] of Defendant Southern Mississippi

Pinestraw, LLC ("SMP"), to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6).  Plaintiffs

have filed a Response [42].  After consideration of the parties' submissions, the record,

and the relevant legal authorities, and for the reasons discussed below, the Court

finds that SMP's Motion to Dismiss [42] should be denied.

I. BACKGROUND

Plaintiffs, a group of over 50 foreign nationals from the Phillippines, Jamaica,

Belarus, Indonesia, and Turkey, have sued three individuals and fourteen businesses,

alleging violations of the minimum wage and overtime laws of the Fair Labor

Standards Act (29 U.S.C. §§ 206 and 207(a))("FLSA"), and forced labor and trafficking

pursuant to the Trafficking Victims Protection Act (18 U.S.C. §§ 1589, 1590, 1592,

1594(a) and/or 1594(b))("TVPA").  Pls.' Compl. [1] at pp. 16-23.  The H-2B visa

program allows qualified employers in the United States to bring foreign nationals to

the United States to fill temporary nonagricultural jobs, when sufficient U.S. workers

are not available.  8 U.S.C. § 1101(a)(15)(H)(ii)(b).  Plaintiffs maintain that they are

or were holders of H-2B visas. Pls.' Compl. [1] at p. 16. They allege that Defendants promised them a unique opportunity to work in the United States, but once they arrived, Defendants defrauded and exploited them by, among other things, requiring them to pay visa fees which were their employers' responsibility, sending them to employers that were not listed on their H2-B visas, paying them substandard wages, and placing them in substandard living conditions. *Id.* at pp. 11, 17-18.

Eight Defendants have been dismissed. One of the remaining Defendants, SMP, has filed a Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6). The entirety of SMP's alleged grounds for dismissal are as follows:

> 2. In order to recover damages for Forced Labor (18 U.S.C. § 1589) or Involuntary Servitude (18 U.S.C. § 1590) Plaintiff must show an absolute right to wages. Plaintiff has failed to show the Court that any work was done for wages to be paid. In the instant case the Defendant paid the necessary payment fees for thirteen (13) immigrant Mexican workers and received twelve (12) persons from the Philippines, who refused to rake pine straw and did not show up for work on the third morning. The Pilipino [sic] workers explained to Defendant, Southern Mississippi Pine Straw, and LLC [sic] that they were recruited to work at a country club in Boca Raton, Florida and were routed to Hattiesburg by mistake. Defendant advanced the Plaintiffs' first day of wages and never got a chance to pay the second day because the workers did not meet the van for work on the third morning; they checked out of the apartment and left the area. The Plaintiffs worked one-half day on the second day of work and refused to continue after lunch.

> 3. Plaintiffs' Complaint fails to specify what wrongful acts the Defendant, Southern Pine Straw, LLC committed or what conduct on the part of the Defendant caused Plaintiffs' damages.

> 4. The Plaintiffs have totally disregarded the Defendant's

> losses in transportation and passport fees which exceed
> $12,000.00.

Def.'s Mot. to Dismiss [36] at p. 2.

## II. <u>DISCUSSION</u>

### A.  <u>Rule 12(b)(6) Standard</u>

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at

556-57, 570).

The Court's analysis is generally limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). "[C]ourts may also consider matters of which they may take judicial notice." *Id.* at 1018. A court "may permissibly refer to matters of public record." *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

B.  SMP's Motion

In its Motion to Dismiss [36], SMP contends that it paid the foreign national workers it engaged the wages they were due, as well as their travel and passport costs. Def.'s Mot. to Dismiss [36] at p. 2. SMP has submitted no proof to support these assertions, and even if it had, such proof would not be appropriate for the Court to consider in deciding a motion to dismiss. A Rule 12(b)(6) motion tests the formal sufficiency of the claim for relief. 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 1998). It is not a procedure for resolving the facts or the substantive merits of the plaintiff's case. *Id.*

SMP further maintains that "Plaintiffs' Complaint fails to specify the wrongful acts [SMP] committed or what conduct on the part of the Defendant caused Plaintiffs' damages." Mot. to Dismiss [36] at p. 2. Plaintiffs' Complaint categorizes SMP as an employer Defendant, as opposed to a recruiter Defendant. Pls.' Compl. [1] at p. 7. The employer Defendants are alleged to have violated the minimum wage and overtime laws established by the FLSA. *Id.* at p. 21. They are further alleged to have

knowingly benefitted from participating in a venture that they should have known violated the forced labor and trafficking provisions of the TVPA, and to have assisted the recruiter Defendants in committing TVPA violations. *Id.* at p. 13, 17-21.[1]

According to Plaintiffs, Defendants violated the TVPA in the following respects: employing foreign nationals at locations not authorized by their H2-B visas, making misrepresentations to the U.S. Department of Labor regarding the number of H2-B workers needed, requiring H2-B workers to pay visa fees that their employers were required to pay, coercing H2-B workers into signing loan agreements to pay for their visa fees, withholding H2-B workers' passports and visas, threatening H2-B workers with serious financial harm and legal process, and providing H2-B workers with substandard living conditions. *Id.* at 17-23. SMP has offered no briefing on whether such acts are cognizable violations of the TVPA.

The Court is satisfied that Plaintiffs' Complaint provides SMP with fair notice of the claims against it and the grounds upon which they rest. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). It contains sufficient factual content, accepted as true, to state claims for relief against SMP that are plausible on their face. SMP's Motion to Dismiss [36] should be denied.

---

[1]Victims may bring civil actions for damages and attorneys fees against those who knowingly benefit from TVPA violations. 18 U.S.C. § 1595(a).

### III.  CONCLUSION

For the foregoing reasons, the Rule 12(b)(6) Motion to Dismiss [36] of SMP should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion [36] of Defendant Southern Mississippi Pinestraw, LLC, to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 25th day of September, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE